IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL JAMES LAWRENCE,            )
                                   )
        Petitioner,                )
                                   )
v.                                 )   Case No. CIV-11-245-M
                                   )
JAMES RUDEK,                       )
                                   )
        Respondent.                )

## REPORT AND RECOMMENDATION

Mr. Michael Lawrence seeks a writ of habeas corpus arising out of three convictions in state court. But the Petitioner is not "in custody" on any of the cases. In these circumstances, the Court would lack jurisdiction to grant habeas relief.

In urging the existence of jurisdiction, Mr. Lawrence argues that he had intended to include a challenge to the current sentence. The Petitioner is "in custody" on that case; but a habeas challenge on that conviction would be considered "second or successive." The Tenth Circuit Court of Appeals has not authorized a second action for habeas relief, and the federal district court should order dismissal on jurisdictional grounds.

BACKGROUND

In 1996, Mr. Lawrence filed a petition for habeas relief under 28 U.S.C. § 2254, challenging his state court conviction in Case Number CF-93-4619.[1] The federal district

---

[1] *See* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, *Lawrence v. Evans*, Case No. CIV-96-963-M (W.D. Okla. June 17, 1996).

court denied habeas relief on the merits,[2] and the Tenth Circuit Court of Appeals dismissed the appeal.[3]

Almost ten years later, the Petitioner again filed a habeas action in connection with Case Number CF-93-4619.[4] The federal district court held that the petition was untimely,[5] but the Tenth Circuit Court of Appeals vacated the decision on jurisdictional grounds because the petition was considered "second or successive."[6] The appeals court construed the petition as a request to file a second or successive petition and denied permission.[7]

In April 2010, Mr. Lawrence filed an action in the Western District of Oklahoma to vacate the state court judgments in Case Numbers CF-87-6403 and CF-88-444.[8] The federal district court treated the action as one arising under Section 2254 and liberally construed the petition as a challenge to Mr. Lawrence's only remaining sentence, which involved Case

---

[2] Report and Recommendation, *Lawrence v. Evans*, Case No. CIV-96-963-M (W.D. Okla. Oct. 16, 1996), *adopted*, Order (W.D. Okla. Oct. 29, 1996).

[3] Order and Judgment, *Lawrence v. Evans*, Case No. 96-6396, 124 F.3d 217, 1997 WL 579191 (10th Cir. Sept. 18, 1997) (unpublished op.).

[4] Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody at p. 1, *Lawrence v. Addison*, Case No. CIV-05-273-M (W.D. Okla. Mar. 10, 2005).

[5] Report and Recommendation, *Lawrence v. Addison*, Case No. CIV-05-273-M (W.D. Okla. Mar. 15, 2005), *adopted*, Order (W.D. Okla. Apr. 26, 2005).

[6] Order, *Lawrence v. Addison*, Case No. 05-6177 (10th Cir. Apr. 3, 2006).

[7] Order at pp. 3-4, *Lawrence v. Addison*, Case No. 05-6177 (10th Cir. Apr. 3, 2006).

[8] Petition to Vacate the Judgment, *Lawrence v. Rudek*, Case No. CIV-10-389-M (W.D. Okla. Apr. 16, 2010).

Number CF-93-4619.[9] The Court dismissed the action in part because it was "second or successive."[10]

In May 2010, Mr. Lawrence filed another petition in the Western District of Oklahoma to vacate a third state court judgment, which involved Case Number CF-88-49.[11] The Court construed the action as one arising under Section 2254 and held that the Petitioner was no longer in custody on that judgment.[12] This time, the Court declined to construe the petition as a challenge to Case Number CF-93-4619 because the habeas petition would have been regarded as "second of successive."[13]

In 2011, Mr. Lawrence began the present action with claims resembling the ones that had been asserted in April 2010. Here Mr. Lawrence alleges that his state court conviction

---

[9] Report and Recommendation at p. 4, *Lawrence v. Rudek*, Case No. CIV-10-389-M (W.D. Okla. May 17, 2010), *adopted*, Order (W.D. Okla. June 14, 2010).

[10] Report and Recommendation at p. 4, *Lawrence v. Rudek*, Case No. CIV-10-389-M (W.D. Okla. May 17, 2010), *adopted*, Order (W.D. Okla. June 14, 2010). The Court also relied on Mr. Lawrence's failure to comply with prior orders. *Id.*

[11] Petition to Vacate the Judgment, *Lawrence v. Rudek*, Case No. CIV-10-462-M (W.D. Okla. May 5, 2010).

[12] Report and Recommendation, *Lawrence v. Rudek*, Case No. CIV-10-462-M (W.D. Okla. June 30, 2010), *adopted*, Order (W.D. Okla. July 21, 2010).

[13] Report and Recommendation at pp. 4-6, *Lawrence v. Rudek*, Case No. CIV-10-462-M (W.D. Okla. June 30, 2010), *adopted*, Order (W.D. Okla. July 21, 2010). The Court also relied again on Mr. Lawrence's failure to comply with prior orders. *Id.* at pp. 2-3, 5-6; *see supra* note 9.

in Case Number CF-84-4223[14] had been illegally entered and was improperly used to enhance the sentences in Case Numbers CF-87-6403 and CF-88-444.[15]

## THE COURT'S LACK OF JURISDICTION

This Court lacks jurisdiction over the habeas petition even with the construction urged by Mr. Lawrence.

I. Case Numbers CF-84-4223, CF-87-6403, and CF-88-444: The Court's Lack of Jurisdiction Based on the Petitioner's Failure to Satisfy the "In Custody" Requirement

On its face, the petition appears to contain challenges to the convictions in Case Numbers CF-84-4223, CF-87-6403, and CF-88-444.[16] However, jurisdiction exists only when the petitioner is "*in custody*" at the beginning of the action.[17] Because Mr. Lawrence is no longer in custody on these sentences,[18] this Court lacks jurisdiction over the petition.[19]

---

[14] In the petition, Mr. Lawrence referred to Case Number CF-84-6403. Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 1 (Mar. 7, 2011) ("Petition"). But the Petitioner later clarified that he had meant to refer to Case Number CF-84-4223. Petitioners [sic] Motion to Clarify Case Number (Mar. 22, 2011).

[15] Petition at pp. 1-3.

[16] *See supra* pp. 3-4.

[17] *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original).

[18] *See* Limited Response to Petition for Writ of Habeas Corpus, Exhibit 5 at p. 5 (Apr. 8, 2011) (stating that Mr. Lawrence had discharged his sentences in Case Numbers CF-84-4223, CF-87-6403, and CF-88-444); *see also* Report and Recommendation at pp. 3-4, *Lawrence v. Rudek*, Case No. CIV-10-389-M (W.D. Okla. May 17, 2010) (stating that the sentence in Case Number CF-84-4223 had been discharged in 1988), *adopted*, Order (W.D. Okla. June 14, 2010).

[19] *See Maleng v. Cook*, 490 U.S. 488, 491-92 (1989).

II.  Case Number CF-93-4619: The Court's Lack of Jurisdiction Based on "Second or Successive" Status

In the habeas petition, Mr. Lawrence has not mentioned the state court conviction in Case Number CF-93-4619.[20] However, in a reply, Mr. Lawrence states that he is challenging the validity of the conviction on the sentence that he is currently serving: Case Number CF-93-4619.[21] In light of this statement, the Court should liberally construe the petition to encompass the validity of the conviction in Case Number CF-93-4619.[22] Even with this construction, however, the Court would lack jurisdiction because the Petitioner has not obtained leave to prosecute a second or successive habeas claim with respect to Case Number CF-93-4619.

Federal law provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[23] Because the present action is "second or successive" and Mr. Lawrence has not asked the appeals court for authorization to proceed, the federal district court lacks jurisdiction.[24]

---

[20]  *See* Petition at pp. 1-3.

[21]  Petitioner's Reply to the State's Response at pp. 1-2 (Apr. 18, 2011) ("State's response at pg. 4 states Petitioner is not challenging his unconstitutionally enhanced prior conviction when in true fact this is the sentence being attacked.").

[22]  *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-402 (2001).

[23]  28 U.S.C. § 2244(b)(3)(A) (2006); *see Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

[24]  *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (*per curiam*).

In the present action, Mr. Lawrence asserts claims not previously raised in his first petition challenging Case Number CF-93-4619.[25] Thus, the Court can order either dismissal or transfer to the federal court of appeals.[26] In deciding between dismissal and transfer, the Court considers the interest of justice.[27] This determination is guided by three considerations:

- whether the claims would be time-barred if filed anew in the proper forum,

- whether the claims alleged are likely to have merit, and

- whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[28]

A. The Limitations Period and the Likelihood of a Meritorious Habeas Claim

If Mr. Lawrence were to refile a habeas challenge to Case Number CF-93-4619, the Court would undoubtedly find the action time-barred because it has already done so.[29] In these circumstances, transfer to the federal court of appeals would serve little purpose.

---

[25] *See* Report and Recommendation at p. 2, *Lawrence v. Evans*, Case No. CIV-96-963-M (W.D. Okla. Oct. 16, 1996) (listing the Petitioner's allegations), *adopted*, Order (W.D. Okla. Oct. 29, 1996).

[26] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*).

[27] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*).

[28] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*).

[29] Report and Recommendation at pp. 3, 6, *Lawrence v. Addison*, Case No. CIV-05-273-M (W.D. Okla. Mar. 15, 2005), *adopted*, Order (W.D. Okla. Apr. 26, 2005).

B.     The Existence of Good Faith

Dismissal is also appropriate because Mr. Lawrence lacked good faith in his filing of the instant petition. In May 2010, this Court informed the Petitioner that he was no longer "in custody" on Case Number CF-84-4223 and that a challenge in that case would be construed as an attack on the conviction in Case Number CF-93-4619.[30] And, Mr. Lawrence was told that he could not file a new habeas petition for Case Number CF-93-4619 without authorization from the circuit court.[31] Thus, the absence of jurisdiction should have been readily apparent to Mr. Lawrence even without any legal training. His decision to file the present action, after having been told of the need for circuit court authorization, suggests bad faith.

C.     Balancing of the Factors

The obvious time-bar and the Petitioner's bad faith should lead the Court to dismiss the habeas challenge with respect to Case Number CF-93-4617.

III.    Summary

The Court should dismiss the present action even with the Petitioner's invitation to view the action as one that encompasses Case Number CF-93-4617.

---

[30]     Report and Recommendation at pp. 3-4, *Lawrence v. Rudek*, Case No. CIV-10-389-M (W.D. Okla. May 17, 2010), *adopted*, Order (W.D. Okla. June 14, 2010); *see supra* pp. 2-3.

[31]     Report and Recommendation at p. 4, *Lawrence v. Rudek*, Case No. CIV-10-462-M (W.D. Okla. June 30, 2010), *adopted*, Order (W.D. Okla. July 21, 2010); *see supra* p. 3.

Mr. Lawrence is no longer "in custody" on Case Number CF-84-4223, CF-87-6403, or CF-88-444. Thus, jurisdiction is lacking for a habeas challenge involving one of these cases.

The Petitioner has expressed a belief that his habeas claim is broad enough to cover Case Number CF-93-4619. Mr. Lawrence is in custody on this case, but he would be unable to pursue a habeas claim until he obtained permission from the federal appeals court to file a second or successive petition. The Western District of Oklahoma cannot provide such permission and should dismiss the action.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of the Western District of Oklahoma by May 28, 2011.[32] The failure to timely object would foreclose appellate review of the suggested ruling.[33]

## STATUS OF THE REFERRAL

This report discharges the referral.

Entered this 11th day of May, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[32] *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.).

[33] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").